IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


JAMES CRITTENDEN,                              3:10-CV-01008-BR

       Plaintiff,                          OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


MERRILL SCHNEIDER
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

      Attorney for Plaintiff


1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2531

        Attorneys for Defendant

**BROWN, Judge.**

Plaintiff James Crittenden seeks judicial review of a final decision of the Commissioner of the Social Security Admini-stration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed his applications for SSI and DIB on November 6, 2006, and alleged a disability onset date of September 23, 2006. Tr. 117.[1] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on June 24, 2009. Tr. 435-67. At the hearing, Plaintiff was represented by an attorney. Plaintiff and a VE testified.

On July 17, 2009, Plaintiff submitted to the ALJ medical records from Bryce Bederka, M.D., dated October 8, 2007, through June 18, 2009.

The ALJ issued a decision on July 31, 2009, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 17-26. Pursuant to 20 C.F.R. § 404.984(d), the ALJ's decision became the final decision of the Commissioner on July 9, 2010, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on April 7, 1970, and was 39 years old at the time of the hearing. Tr. 39. Plaintiff has a tenth-grade education. Tr. 292. He has past relevant work experience as a

---

[1] Citations to the official transcript of record filed by the Commissioner on January 13, 2011, are referred to as "Tr."

3 - OPINION AND ORDER

construction laborer, a clean-room monitor, and a shipping-and-receiving clerk. Tr. 463.

Plaintiff alleges disability due to back pain, a history of left ulnar fracture, depression with psychosis, post-traumatic stress disorder (PTSD), and borderline intellectual functioning. Tr. 295, 374.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 21, 23-25.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are

4 - OPINION AND ORDER

supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001). The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Robbins,*
466 F.3d at 882. The Commissioner's decision must be upheld even
if the evidence is susceptible to more than one rational
interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.
2005). The court may not substitute its judgment for that of the
Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

## I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the

5 - OPINION AND ORDER

meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.
2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is
potentially dispositive.

In Step One, the claimant is not disabled if the Commis-
sioner determines the claimant is engaged in substantial gainful
activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052
(9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(I),
416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commis-
sioner determines the claimant does not have any medically severe
impairment or combination of impairments.  *Stout*, 454 F.3d at
1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity.  *Stout*,
454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii),
416.920(a)(4)(iii).  The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404, subpart
P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's Residual Functional Capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related

physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,
at *1.  In other words, the Social Security Act does not require
complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d
1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's
RFC is at the heart of Steps Four and Five of the sequential
analysis engaged in by the ALJ when determining whether a
claimant can still work despite severe medical impairments.  An
improper evaluation of the claimant's ability to perform specific
work-related functions "could make the difference between a
finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also*
20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20
C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden
shifts to the Commissioner to show a significant number of
jobs exist in the national economy that the claimant can do.

7 - OPINION AND ORDER

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since his September 28, 2006, alleged onset date. Tr. 19.

At Step Two, the ALJ found Plaintiff has the severe impairments of back pain, borderline intellectual functioning, a psychotic disorder, and a history of left ulnar fracture. Tr. 19. The ALJ found Plaintiff's other impairments are nonsevere. Tr. 19-20.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 20. The ALJ also found Plaintiff has the RFC to perform medium work. Tr. 22. The ALJ found Plaintiff is limited to frequent handling with his left hand and wrist and to simple, routine, unskilled work performed alone with only "brief interaction with co-workers and supervisors" and "no public

contact."   Tr. 22.

At Step Four, the ALJ concluded Plaintiff is capable of performing his past relevant work as a clean-room worker. Tr. 25.

At Step Five, the ALJ concluded Plaintiff could also perform other jobs that exist in significant numbers in the national economy.   Tr. 26.   Accordingly, the ALJ found Plaintiff is not disabled.   Tr. 26.


                              DISCUSSION

Plaintiff contends remand of this matter is "necessary because new and material evidence has been submitted."   Plaintiff also contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony, (2) improperly rejected the opinions of Plaintiff's treating and examining physicians, and (3) improperly rejected lay-witness testimony.

**I.   New evidence submitted after the hearing**

Plaintiff contends the Court must remand this matter because Plaintiff submitted medical records from Dr. Bederka after the hearing but before the ALJ issued his decision, and the ALJ failed to consider that evidence or to make it part of the record.

The Ninth Circuit has held courts may remand a matter to the Commissioner for consideration of post-hearing evidence if it is

9 - OPINION AND ORDER

material and Plaintiff has established good cause for the failure
to submit the material before the hearing. *See Evans v. Comm'r
of Soc. Sec. Admin.*, 320 F. App'x 593 (9th Cir. 2009)(citing
*Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001)).
Defendant, however, contends Plaintiff has not established good
cause for the failure to submit Dr. Bederka's records before the
hearing.

"To demonstrate good cause, the claimant must demonstrate
that the new evidence was unavailable earlier." *Mayes*, 276 F.3d
at 463 (citation omitted). *See also Clem v. Sullivan,* 894 F.2d
328, 332-33 (9th Cir. 1990)(Plaintiff failed "to show good cause
for not submitting this evidence earlier.  His assertion that the
evidence only turned up later, during another proceeding, is not
sufficient to explain why it was not produced earlier in this
proceeding. . . .  [Plaintiff] offers no convincing reason why
the evidence could not have been made available to the Secretary
earlier.").

Here Plaintiff alleges only that "[t]hese records were not
received by [Plaintiff's] attorney until July 9, 2009."
Plaintiff does not provide any explanation as to why medical
records of treatment beginning October 8, 2007, were unavailable
before the June 24, 2009, hearing.  Accordingly, the Court
concludes Plaintiff has not established good cause as to why
these records could not have been made available to the

Commissioner before July 17, 2009, and, therefore, the Court declines to remand the matter to the Commissioner for consideration of these records.

## II.  Plaintiff's testimony.

Plaintiff contends the ALJ erred when he improperly rejected Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]." Tr. 23. The ALJ noted Plaintiff stated in his application for benefits that in the past he had "got[] in fights at just about every job I have worked for. . . . Can't remember for long or short periods of time. I get into verbal fights at work. Complain about my pain to co-workers and boss. Very irritable." Tr. 76. The ALJ noted, however, that Plaintiff's employer from October 27, 2005, until September 25, 2006, filled out an employer questionnaire in which it responded to the question whether Plaintiff was able to sustain work, to maintain adequate attendance, and to take only "normal rest periods and breaks" as follows: Plaintiff "was fine, he did good work until we received doctor's notification that he couldn't work any longer." Tr. 161. In response to the question whether Plaintiff was able to accept instructions, to respond appropriately to supervisory directions, and to maintain "acceptable relationships" with coworkers, the employer stated Plaintiff "was a great employee, he did not have any problems on the job." Tr. 161. Contrary to Plaintiff's assertion, Plaintiff's employer noted Plaintiff's "performance was acceptable and consistent."

Tr. 161.

Although Plaintiff briefly tried Celexa, Effexor, and Cymbalta for his depression, the ALJ noted Plaintiff stopped taking these medications after a short trial and refuses to take any medication for his depression and/or psychosis.  Tr. 23, 338, 343, 349.  In addition, the ALJ noted the record reflects Plaintiff had decreased pain with regular exercise and increased activity.  Tr. 23, 330, 333.

The Court concludes on this record that the ALJ did not err when he found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible because the ALJ provided legally sufficient reasons supported by the record for doing so.

**III. Medical opinion testimony.**

Plaintiff contends the ALJ erred when he did not give specific and legitimate reasons for rejecting the opinions of Christopher Komanapalli, M.D., examining physician, and James Bryan, Ph.D., examining psychologist.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

13 - OPINION AND ORDER

1989)).  When the medical opinion of an examining or treating
physician is uncontroverted, however, the ALJ must give "clear
and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at
957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor
treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a
nonexamining physician cannot by itself constitute substantial
evidence that justifies the rejection of the opinion of either an
examining physician or a treating physician."  *Id*. at 831.  When
a nonexamining physician's opinion contradicts an examining
physician's opinion and the ALJ gives greater weight to the
nonexamining physician's opinion, the ALJ must articulate his
reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec.
Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining
physician's opinion can constitute substantial evidence if it is
supported by other evidence in the record.  *Id*. at 600.

### A.   Dr. Komanapalli

Dr. Komanapalli examined Plaintiff on November 27,
2006, and opined Plaintiff could frequently carry and/or lift ten
pounds frequently and 20 pounds occasionally; could stand and/or
walk between two and four hours in an eight-hour workday; could
sit less than six hours in an eight-hour workday; and has
"postural limitations on bending, stooping, crouching, and so on,
limited to occasionally."  Tr. 302.  Dr. Komanapalli found

14 - OPINION AND ORDER

Plaintiff has these limitations due to chronic back pain and knee
pain.   Tr. 302.   Dr. Komanapalli also opined Plaintiff suffered
from a schizophrenic disorder that "would limit his ability to
work in any sort of labor type job, and his anger outburst
behavior pattern would also limit his ability to work with
others."   Tr. 302-03.

     The ALJ gave the opinion of Dr. Komanapalli "little weight"
on the ground that it was not supported by Dr. Komanapalli's
findings during the examination.   Tr. 24.   Specifically, the ALJ
noted Plaintiff reported he spends "half his day" on his feet,
which is inconsistent with Dr. Komanapalli's finding that
Plaintiff could stand and/or walk only two to four hours in an
eight-hour day.   Tr. 301.   In addition, Plaintiff was able to sit
and to walk without difficulty during his examination, had full
strength in his upper and lower extremities, and was able to
perform coordination and heel-to-toe transfer tests.   Tr. 24,
300-301.   Moreover, an x-ray of Plaintiff's lumbar spine taken in
November 2006 was "normal."   Tr. 304.   In August 2007, MRIs of
Plaintiff's lumbar spine and right knee showed "no significant
degenerative change."   Tr. 322-23.   Also in August 2007, MRIs of
Plaintiff's thoracic spine and cervical spine showed only minimal
degenerative changes.   Tr. 323-24.   A November 2007 MRI of
Plaintiff's thoracic spine was "unremarkable."   Tr. 326.

     The Court concludes on this record that the ALJ did not

15 - OPINION AND ORDER

err when he gave little weight to Dr. Komanapalli's opinion
because the ALJ provided legally sufficient reasons supported by
the record for doing so.  *See DeBerry v. Comm'r of Soc. Sec.
Admin*., 352 F. App'x 173, 176 (9th Cir. 2009)(ALJ did not err
when he rejected the opinion of treating physician when that
opinion was contradicted by the treating physician's treatment
notes and findings).

    **B.   Dr. Bryan**

       On November 30, 2006, Dr. Bryan, Ph.D. conducted a
psychodiagnostic examination of Plaintiff and opined Plaintiff
suffered from a psychotic disorder.  The ALJ gave Dr. Bryan's
opinion "little weight" on the ground that his diagnosis "is not
supported by the medical evidence of record."  Tr. 24.  The ALJ
reasoned "[t]he claimant has demonstrated some behavioral and/or
conduct related problems which may be reflective of a personality
disorder.  However, the evidence does not support a finding of a
psychotic disorder."  Tr. 24.  The ALJ did not identify in the
record any opinion of a treating or examining physician that
contradicts Dr. Bryan's opinion.

       The Court concludes on this record that the ALJ erred
when he gave little weight to Dr. Bryan's opinion because the ALJ
did not provide legally sufficient reasons supported by the
record for doing so.

       Defendant asserts even if the ALJ erred when he gave

16 - OPINION AND ORDER

little weight to Dr. Bryan's opinion, the error was harmless
because Dr. Bryan did not indicate Plaintiff had limitations that
exceeded the limitations the ALJ assessed in the RFC.

Dr. Bryan noted Plaintiff had problems tracking
interview questions as well as difficulty with simple arithmetic,
and Plaintiff required three attempts to learn a list of five
unrelated words.  Tr. 294.  Although the ALJ limited Plaintiff to
simple, routine work, it is not clear that such a limitation
accounts for the fact that Plaintiff required multiple attempts
to learn merely five words.

In addition, the ALJ identified jobs in the national
economy that require level-two reasoning.  According to the
Dictionary of Occupational Titles (DOT), level-two reasoning
requires the ability to "apply commonsense understanding to carry
out detailed but uninvolved written or oral instructions."  DOT
361.685, 222.687.  It is not clear on this record that the ALJ
would have found Plaintiff could perform the work required by
these positions if the ALJ had credited Dr. Bryan's opinion.

Accordingly, the Court concludes the ALJ's error in
giving Dr. Bryan's opinion little weight was not harmless.

**IV.   Lay-witness testimony**

Plaintiff contends the ALJ erred when he rejected the lay-
witness testimony of Katrina McAlexander, Nurse Practitioner
(NP).

17 - OPINION AND ORDER

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").

In June 2009 NP McAlexander opined in a fill-in-the-blank form that Plaintiff suffered from major depression with "some psychosis" and PTSD. Tr. 374. NP McAlexander opined Plaintiff suffered from, among other things, "generalized persistent anxiety" accompanied by motor tension, recurrent severe panic attacks, and delusions or hallucinations. Tr. 375-76. As a result of his conditions, NP McAlexander opined Plaintiff suffered extreme limitations in concentration, persistence, and pace; social functioning; and activities of daily living. Tr. 376.

The ALJ gave "little weight" to NP McAlexander's opinion on the ground that her medical opinion was not consistent with other medical evidence or with her own chart notes. *See DeBerry*, 352 F. App'x at 176 (ALJ did not err when he rejected opinion of treating physician when the opinion was contradicted by the treating physician's treatment notes and findings). The ALJ

noted McAlexander's chart notes from August 2008 through Plaintiff's last appointment in 2009 reflect depression without psychosis.  Tr. 331-41.  NP McAlexander noted in her final chart note in February 2009 that Plaintiff had depression and "no psychosis - stable on meds."  Tr. 331.  The ALJ also pointed out that the record does not contain any mention of recurrent, severe panic attacks; obsessions; compulsions; or delusions. Tr. 25.  The ALJ also noted NP McAlexander opined Plaintiff suffered generalized persistent anxiety with motor tension even though her evaluation reflected Plaintiff had "relaxed motor behavior."  Tr. 344.  Finally, although NP McAlexander opined Plaintiff had extreme limitations in activities of daily living, Plaintiff was neatly groomed and maintained appropriate eye contact when NP McAlexander examined him.  Tr. 344.  In addition, the record reflects Plaintiff has a girlfriend, swims, and attends the gym.  Tr. 25.

The Court concludes on this record that the ALJ did not err when he gave little weight to NP McAlexander's opinion because the ALJ provided legally sufficient reasons supported by the record for doing so.


## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

19 - OPINION AND ORDER

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

On this record the Court concludes further proceedings are necessary. As noted, it is not clear on this record that the ALJ would have found Plaintiff could perform either his past relevant work or other jobs that exist in significant numbers in the national economy if he had credited Dr. Bryan's opinion.

Accordingly, the Court remands this matter for further

20 - OPINION AND ORDER

proceedings as to whether, when crediting Dr. Bryan's opinion as true, Plaintiff is capable of performing any jobs in the national economy and ultimately whether Plaintiff is disabled and, as a result, entitled to benefits.

**CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 29th day of August, 2011.

_____
ANNA J. BROWN
United States District Judge